WHATLEY, Judge.
The State appeals the order granting Ryan Bendt’s motion to dismiss the count of the information charging him with introduction of contraband into a detention facility. We reverse.
Officer Thomas Quinlan was on routine patrol at approximately 8 p.m. when he observed Bendt in an area of closed stores frequented by transients. He approached Bendt, advised him who he was, and asked if he could see Bendt’s identification. After Bendt handed Officer Quinlan his identification, Officer Quinlan asked him if he had any drugs or weapons. Bendt replied, “No, go ahead and search me.” Officer Quinlan searched Bendt and found a marijuana cigarette in his right front pocket. Officer Quin-lan asked Bendt if he had any more drugs or weapons on his person and advised him that if he did, he would be charged with introduction of contraband into a jail facility. Bendt responded “no.” Officer Quinlan then placed Bendt under arrest. At the jail, a corrections officer found a baggie of marijuana in one of Bendt’s socks. This additional contraband led to charges of possession of paraphernalia (the plastic baggie) and introduction of contraband into a jail facility.
Bendt filed a motion to dismiss the introduction count. After a hearing, the trial court entered an order in which it ruled that the Fifth Amendment to the United States Constitution precluded application of the introduction statute, § 951.22, Fla. Stat. (1997), *1245 to Bendt. The court reasoned that Bendt’s right not to incriminate himself was violated because the only way he, as an arrestee involuntarily entering the jail, could avoid committing the offense of introduction into a detention facility was to incriminate himself by advising law enforcement that he possessed illegal contraband. This ruling was erroneous.
Bendt’s Fifth Amendment right not to incriminate himself was not violated in this case because Bendt told the officer he did not have any other drugs on his person. Even if Bendt had admitted he was in possession of additional contraband, there would have been no Fifth Amendment violation because he had consented to a search. Furthermore, Bendt was charged with introduction not because of any statement he made, but because a baggie of marijuana was found on his person when he was searched at the jail. The Fifth Amendment privilege does not extend to nontestimonial evidence. Schmerber v. State of California, 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908 (1966).
Accordingly, we reverse the order of dismissal and remand with directions that the introduction count be reinstated.
Reversed and remanded.
PARKER, C.J., and GREEN, J., concur.